IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

* * * * * * * * * * * * * * * * * * * * *
\*
SERVICE EMPLOYEES INTERNATIONAL UNION, *
LOCAL 32BJ                              *   Civil Action No.
                                        *
        Plaintiff,                      *   07-cv-1272 (JR)
v.                                      *
                                        *
QUALITY ASSURED CLEANING CONTRACTORS, INC., *
                                        *
        Defendants.                     *
                                        *
* * * * * * * * * * * * * * * * * * * * *

MOTION TO DISMISS UNDER RULE 12(b)(4) FOR INSUFFICIENCY OF PROCESS, OR IN
THE ALTERNATIVE TO QUASH SERVICE AND MEMORANDUM IN SUPPORT

NOW COMES Defendant, Quality Assured Cleaning Contractors, Inc., by counsel, and moves to dismiss this action pursuant to Fed. R. Civ. P. Rule 12(b)(4) for insufficiency of process, or in the alternative to quash service. In support hereof, Defendant states as follows:

1. This action was commenced by the filing of a "Petition to Compel Arbitration" under Section 301 of the Labor Management Relations Act, 29 U.S.C. § 185, asserting that jurisdiction is founded under that section and 28 U.S.C. § 1331 (federal question).

2. On August 9, 2007, the undersigned was served as the Virginia registered agent of the Defendant corporation with the aforementioned Petition and a "Notice of Filing Petition to Compel Arbitration" signed by Plaintiff's counsel. No summons was attached to the Petition and Notice.

3. In light of the lack of summons, the undersigned inspected the ECF docket, and determined that at the time of filing, an entry was made stating "SUMMONS Not Issued as to QUALITY ASSURED CLEANING CONTRACTORS." It appears that no summons was ever issued.

4. Nonetheless, on August 22, 2007, Plaintiff filed an "Affidavit of Service," asserting that this case was served on August 9, 2007.

5.     As such, this action must be dismissed, or at a minimum service must be quashed, due to the lack of a summons, as further set forth in the following Memorandum of Points and Authorities.

<u>POINTS AND AUTHORITIES</u>

Under Rule 4, Fed. R. Civ. P., a summons is mandatory unless the Plaintiff elects to use the waiver process under Rule 4(d) and the Defendant agrees to the waiver. No such waiver was requested in this case. Rule 4(c)(1) states "A summons *shall* be served together with a copy of the Complaint."

Rule 81 makes certain exceptions to the applicability of the Federal Rules of Civil Procedure for special types of matters, including limited applicability in matters brought "under Title 9, USC, relating to arbitration," and matters relating to boards of arbitration of railway labor disputes. There is, however, no exception for matters under the LMRA or § 301 thereof, and Title 9 does *not* apply to labor arbitrations under § 301. "The [Federal Arbitration] Act does not apply to "contracts of employment," 9 U.S.C. § 1, and federal courts look to it only as guidance in fashioning federal common law governing suits for breach of contract (which include challenges to arbitrator's awards) under § 301 of the Federal Labor-Management Relations Act." *American Postal Workers Union v. United States Postal Serv.*, 52 F.3d 359, 362, 311 U.S. App. D.C. 210 (D.C. Cir. 1995). As such, there is no exception to the summons requirement. As the Southern District of New York held, "[t]he Arbitration Act does not apply to "contracts of employment of . . . workers engaged in foreign or interstate commerce," 9 U.S.C. § 1. *International Brotherhood of Electrical Workers, Local 2213 v. New York Tel. Co.*, 1989 U.S. Dist. LEXIS 14074 (S.D.N.Y. 1989). "[A]rbitration clauses contained in collective bargaining agreements involving workers engaged in interstate or foreign commerce can only be enforced in a suit alleging breach of the promise to arbitrate commenced pursuant to 29 U.S.C. § 185 and that, therefore, the parties must proceed in accordance with Rules 3 and 4 and all the other rules relating to prosecution of civil

actions." *Id.*

As such, service of a Summons along with the Complaint is required.  This is not just a procedural hurdle.  In this case, Defendant was not given *any* notice as to when a responsive pleading might be due, as the notice states no time for defendant to appear.  It is not even clear from the papers that anything official was actually filed, as there is no court seal or court form: it required an inspection of the ECF docket to verify that the case had in fact been filed.  And even then, until Plaintiff filed an affidavit of service, it appeared that Plaintiff had attempted to give notice and a (defective) request for waiver under Rule 4(d), rather than actual service, which would have allowed 60 days for a response.  Service in this case was therefore ineffective, due to the lack of a summons (insufficiency of process), and the action should therefore be dismissed.

In the alternative to dismissal (since Plaintiff would be free to re-file), Defendant would request that service be quashed, and that Plaintiff be required either to serve a proper summons, or to submit a proper waiver request under Rule 4(d). [1]

WHEREFORE, Defendant respectfully requests that the Court enter an Order dismissing the Complaint ("Petition") for insufficiency of process, or, in the alternative, quashing service.

Dated: August 29, 2007.

> Respectfully submitted,
>
>  /s/ Daniel M. Press
> Daniel M. Press  #419739
> CHUNG & PRESS, P.C.
> 6723 Whittier Ave., Suite 302
> McLean, VA 22101
> (703) 734-3800
> (703) 734-0590 fax
> dpress@chung-press.com

---

[1] Should Plaintiff request a waiver under Rule 4(d), Defendant would be willing to agree to waive service under that Rule, provided the time to answer were in accordance with that Rule.

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

SERVICE EMPLOYEES INTERNATIONAL UNION,
LOCAL 32BJ                                                            Civil Action No.

      Plaintiff,                                                        07-cv-1272 (JR)

v.

QUALITY ASSURED CLEANING CONTRACTORS, INC.,

      Defendants.

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

[PROPOSED] ORDER GRANTING MOTION TO DISMISS UNDER RULE 12(b)(4) FOR INSUFFICIENCY OF PROCESS, OR IN THE ALTERNATIVE TO QUASH SERVICE

     Upon consideration of the Motion of Defendant to dismiss this action pursuant to Fed. R. Civ. P. Rule 12(b)(4) for insufficiency of process, or in the alternative to quash service, and any response thereto, it is hereby

     ORDERED:

\_\_\_\_\_ that this action be, and hereby is, DISMISSED for insufficiency of process;

[or]

\_\_\_\_\_ that the service of the Notice and Petition is hereby QUASHED; and it is FURTHER ORDERED that within 120 days of the date of filing the Complaint herein, Plaintiff shall either have a proper summons issued and served with the Complaint in accordance with Rule 4(c), or send a request for waiver of service in accordance with Rule 4(d) in time such that the waiver may timely be returned under Rule 4(d)(2)(F) prior to the expiration of such 120 days.

     IT IS SO ORDERED, this \_\_\_ day of _____, 2007.

_____
U.S. District Judge