IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

SERVICE EMPLOYEES INTERNATIONAL UNION,
LOCAL 32BJ                                        Civil Action No.

        Plaintiff,                     07-cv-1272 (JR)

v.

QUALITY ASSURED CLEANING CONTRACTORS, INC.,

        Defendants.

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

## ANSWER

NOW COMES Defendant, Quality Assured Cleaning Contractors, Inc., by counsel, and for its Answer to the "Petition" (Complaint) herein states as follows:

1.      Defendant states that paragraph 1 asserts a legal conclusion to which no response is required.

2.      Defendant admits that venue is proper in this District but otherwise denies the allegations of Paragraph 2.

3.      Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 3 and therefore denies the same and demands strict proof thereof.

4.      Defendant denies the allegations of Paragraph 4 as stated.

5.      Defendant denies the allegations of Paragraph 5 as stated.

6.      Defendant states that the Agreement speaks for itself, and admits paragraph 6 to the extent consistent therewith, and otherwise denies the same.

7.      Defendant states that the Agreement speaks for itself, and admits paragraph 7 to the extent consistent therewith, and otherwise denies the same.

8.      Defendant admits the allegations of Paragraph 8.

9.      Defendant lacks knowledge or information sufficient to form a belief as to the truth

of the allegations of Paragraph 9 and therefore denies the same and demands strict proof thereof.

10.    Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 10 and therefore denies the same and demands strict proof thereof.

11.    Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 11 and therefore denies the same and demands strict proof thereof.

12.    Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 12 and therefore denies the same and demands strict proof thereof.

13.    Defendant admits that it has not agreed to arbitrate "Ms. Petra's discharge," but otherwise denies the allegations of Paragraph 13.

14.    Defendant denies the allegations of Paragraph 14.

15.    Defendant admits that it will not arbitrate regarding the discharge of Ms. Mercedes.


Defendant further denies each and every allegation not expressly admitted, and denies that Plaintiff is entitled to the relief requested, or to any relief.

<u>SEPARATE AND AFFIRMATIVE DEFENSES</u>

1.    There is no arbitration clause which would cover this matter.

2.    As the discharge of Ms. Mercedes was mandated by a third party, and Defendant had no choice or discretion in the matter, there is nothing to arbitrate.

3.    Plaintiff's claim is barred because any arbitration would be futile.

4.    Plaintiff's claim is barred because of the doctrine of impossibility.

5.    Plaintiff's claim is barred because of the doctrine of unclean hands.

6.    This action is barred by collateral estoppel and/or res judicata.

7.    Plaintiff's claim is barred by the applicable statute of limitations and/or laches.

8.    Plaintiff's claim is barred by waiver and/or estoppel.

9.    Defendant reserves the right to assert any other defense which may appear during the

course of this action.

WHEREFORE, Defendant respectfully requests that this Court dismiss all claims against it with prejudice, and award Defendant its costs and attorneys' fees incurred herein and any other relief this Court may deem just and proper.

Dated: November 5, 2007.

Respectfully submitted,

_/s/ Daniel M. Press_____
Daniel M. Press  #419739
CHUNG & PRESS, P.C.
6723 Whittier Ave., Suite 302
McLean, VA 22101
(703) 734-3800
(703) 734-0590 fax
dpress@chung-press.com