DISTRICT OF THE DISTRICT OF COLUMBIA
----------------------------------------------------------------X
SERVICE EMPLOYEES INTERNATIONAL UNION,
LOCAL 32BJ,

      Plaintiff,

  -against-            07 CV 1272 (JR)

                ECF Case

QUALITY ASSURED CLEANING CONTRACTORS,

      Defendant.
----------------------------------------------------------------X

## MEMORANDUM OF LAW IN SUPPORT OF LOCAL 32BJ'S COMPLAINT TO COMPEL ARBITRATION

Plaintiff Service Employees International Union, Local 32BJ ("Union" or "Local 32BJ") submits this pre-hearing brief in support of its complaint to compel Defendant Quality Assured Cleaning Contractors ("Employer" or "QACC") to arbitrate a dispute arising under the parties' collective bargaining agreement concerning QACC's discharge of bargaining unit member Petra Mercedes.

A.  FACTS

QACC is a cleaning contractor that has a contract with American University Law School in Washington D.C. to provide janitorial services to the Law School. QACC employs janitors to perform this work, whose terms and conditions of employment are set forth in a collective bargaining agreement between Local 32BJ and QACC with effective dates of July 1, 2004 to June 30, 2007 ("Agreement"), a copy of which is attached to Plaintiff's Complaint as Exhibit A[1]. Article VI, Section 6:1 provides that "any matter

---

[1] The parties have agreed to stipulate at hearing that this is the collective bargaining agreement between Local 32BJ and QACC. Since the central issue in this action is whether the arbitration provision in the Agreement covers the dispute concerning Ms. Mercedes' discharge, and since there are no factual disputes regarding that issue, the Union is entitled to an order compelling arbitration as a matter of law.

involving the interpretation or application of the specific terms and provisions of this Agreement, or disputes arising from this Agreement," is subject to the grievance and arbitration procedure set forth in Article VI. Article VI, Section 6:4 prohibits the "unjust" discharge of bargaining unit employees.

On or about March 23, 2006, the Employer discharged bargaining unit employee Petra Mercedes. Ms. Mercedes filed a grievance with the Union on March 24, 2006 contesting her discharge as unjust. After attempts to resolve the grievance in the initial steps of the grievance process were not successful, the Union submitted a demand for arbitration to the Federal Mediation and Conciliation Service ("FMCS") in accordance with Article VI, Sections 6:1 and 6:2 of the Agreement. In response to the Union's request for arbitration, by notice dated July 12, 2006, the FMCS submitted a panel of proposed arbitrators to the Employer and the Union for their selection, as required by Article VI, Section 6:2.

To date, the Employer has not responded to the Union's request to select an arbitrator, nor otherwise agreed to arbitrate Ms. Petra's discharge, as required by the Agreement. In its Answer to the Complaint, QACC states that it will not agree to arbitrate this matter. *See* November 5, 2007 Answer, ¶13.

According to its Answer, QACC contends that Ms. Mercedes was discharged at the request of a third party, presumably American University, and contends that the matter therefore is not arbitrable. *Id.*, Affirmative Defense, ¶2. While Local 32BJ disputes that the university ordered the discharge of Ms. Mercedes, even assuming this were true, as a matter of law it would not bar arbitration of the discharge.

B.    ARGUMENT

    1.    The Discharge Dispute is Arbitrable as a Matter of Law.

The instant matter—whether a particular grievance is arbitrable—is straightforward, and governed by Supreme Court precedent established almost 50 years ago.  In the *Steelworkers Trilogy*, the Court determined that (1) a party's agreement to submit grievances to arbitration is enforceable in court; (2) in deciding whether a dispute is arbitrable, courts may not determine the merits of the underlying dispute, as that is a function for the arbitrator; and (3) where the agreement contains an arbitration clause, there is a presumption of arbitrability.  *Steelworkers v. American Mfg. Co.*, 363 U.S. 564 (1960); *Steelworkers v. Warrior & Gulf Navigation Co.*, 363 U.S. 574 (1960); *Steelworkers v. Enterprise Wheel & Car Co.*, 363 U.S. 593 (1960).  *See also Gateway Coal Co. v. United Mine Workers*, 414 U.S. 368 (1974).  "[An] order to arbitrate the particular grievance should not be denied unless it may be said with positive assurance that the arbitration clause is not susceptible of an interpretation that covers the asserted dispute.  Doubts should be resolved in favor of coverage."  *Warrior & Gulf Navigation Co.*, 363 U.S. at 582-83.

The Agreement's arbitration clause clearly covers the dispute concerning Ms. Mercedes' discharge.  It is broadly worded, requiring arbitration of  "*any matter involving the interpretation or application of the specific terms and provisions of this Agreement, or disputes arising from this Agreement.*"  *See* Agreement, Art. VI, Section 6:1 (emphasis added).  Since this dispute concerns whether her discharge was unjust under Article VI, Section 6:4, it is arbitrable as a "matter involving the interpretation or application of the . . . . Agreement," or as a "dispute arising from this Agreement."

2.    QACC's Claim that American University Will not Permit the
      Reinstatement of Ms. Mercedes Does Not Preclude Arbitration.

QACC contends that because American University does not want Ms. Mercedes working at the site, it is not required to arbitrate her discharge, presumably relying on the Agreement's management rights clause, Article V, which states that "the Union recognizes that the Employer is subject to the rules required of a contractor performing services at The American University."   This argument fails for two reasons: (1) the Agreement contains no express exclusion of discharge disputes from arbitration; and (2) the issue of reinstatement is not a matter of arbitrability for the court, but rather a matter of remedy for the arbitrator.

 As the Supreme Court stated, where, as here, there is a broad arbitration clause, the presumption of arbitrability is particularly appropriate, and "in the absence of any express provision excluding a particular grievance from arbitration . . . only the most forceful evidence of a purpose to exclude the claim from arbitration can prevail." *Warrior & Gulf Navigation Co.*, 363 U.S. at 582-83 (subcontracting dispute arbitrable since exclusion clause was vague, arbitration clause broad, and subcontracting was not expressly excluded from arbitration); *Washington Mailers Union No. 29 v. Washington Post Co.*, 233 F.3d 587, 590-92 (D.C. Cir. 2000) (management rights provision did not preclude arbitration of dispute concerning term-of-contract job security provision even though rights provision excluded from arbitration disputes concerning minimum number of regular, full-time employees; agreement did not exclude specific dispute).

Since the Agreement here contains no exclusion of discharge disputes, or indeed any matter or dispute, from arbitration, QACC's argument fails.  To view this vaguely-worded clause, which merely states that the Union recognizes that QACC is subject to

certain rules of American University, to preclude arbitration of disputes arising under the Agreement would render the entire Agreement a nullity.  Any number of the Agreement's provisions, including the wages (which are surely determined in part by how much American University is willing to pay QACC), the job posting requirement, the shift provision, and the holiday pay provision, could implicate the "rules required of a contractor performing services at The American University"—whatever those rules may be.

QACC's contention that the Court may not compel arbitration because of American University's purported objection to reinstatement should be rejected for the additional reason that whether or not Ms. Mercedes is entitled to reinstatement is not an issue of arbitrability for this Court to determine, but rather a remedy matter for the arbitrator to decide.  *Enterprise Wheel & Car Co.*, 363 U.S. at 597-98 (reinstatement remedy is issue for arbitrator to decide, and arbitrator has wide discretion in this area); *Wackenhut Services, Inc. v. United Government Security Officers of America, Local 44*, 2006 U.S. Dist. LEXIS 19414 (D. D.C. 2006).  In *Wackenhut*, the union was party to a collective bargaining agreement with Wackenhut, a security contractor that provided guards to the Department of Justice.  The agreement stated that employees may not grieve actions that result from Wackenhut's "adherence to a request of the Government." *Id*. at *6.  After an arbitrator ordered the reinstatement of a fired guard, the Department of Justice objected to his reinstatement.  Wackenhut sought to vacate the award arbitration on this ground, stating that enforcement of the award was now impossible.  The Court refused to vacate the award and instead ordered the parties to resubmit the remedy issue to the arbitrator to consider what, if any effect, the alleged objection by the DOJ should

have: "The arbitrator, and not this Court, is best situated to decide whether reinstatement is possible . . . and what the applicable dates for back pay should be . . ." *Id*. at *7.

Likewise, in this case, in addition to deciding whether Ms. Mercedes was fired unjustly, the arbitrator should decide whether, in fact, American University is opposed to reinstatement, and if so, whether an alternative remedy is appropriate. The arbitrator could order back pay and reinstatement, or if QACC proves American University will not permit Ms. Mercedes to work at the site, the arbitrator could order front pay instead. Further, should QACC be displeased with whatever award the arbitrator ultimately issues, it can seek to vacate the award in Court. Thus, QACC's claim that reinstatement is impossible because of alleged objections by American University is at best premature and cannot bar arbitration in the first instance.

Finally, to the extent QACC claims that the Union's grievance or arbitration demand is untimely, or raises other procedural objections to arbitration, these are not arbitrability matters for this Court to decide, but rather issues for the arbitrator. *See John Wiley & Sons, Inc. v. Livingston*, 376 U.S. 543, 555-557 (1964) (rejecting employer's claim that it need not submit dispute to arbitration because union failed to follow first two steps in grievance procedure, including failing to timely file grievance; such "procedural" objections are for arbitration to decide, not court); *see also Howsom v. Dean Witter Reynolds, Inc.*, 537 U.S. 79, 82, 84-85 (timeliness of arbitration demand is matter for arbitrator to decide); *Washington Hosp. Ctr. v. Service Employees International Union, Local 722*, 746 F.2d 1503,1507 (D.C. Cir. 1984) (timeliness of grievance steps and other procedural objections are for arbitrator, not court).

C.    CONCLUSION

Based on the foregoing, Local 32BJ respectfully requests the Court to order the

Employer to arbitrate the parties' dispute concerning Ms. Mercedes' discharge.


Dated:  November 28, 2007
        New York, New York

                                    Respectfully Submitted,

                                    SLEVIN & HART, P.C.

                                    /S/
                                    _____
                                    Thomas J. Hart
                                    Slevin & Hart, P.C.
                                    1625 Massachusetts Ave., N.W., Suite 450
                                    Washington, D.C. 20036
                                    202-797-8700 Tel.
                                    202-234-8231 Fax

                                    Attorneys for Plaintiff Local 32BJ